UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIP SINGFIELD,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 5:02-cr-00255<br><br>OPINION & ORDER<br>[Resolving Doc. 1468] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Phillip Singfield requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes Singfield's petition.[2]

For the reasons stated below, the Court **GRANTS** Singfield's motion for compassionate release.

## I. Background

In November 2009, Defendant Phillip Singfield violated the terms of his supervised release and was sentenced to twelve months' incarceration following his state sentence in another matter.[3] In November 2020, Defendant was released from Ohio custody and began his twelve-month federal sentence.[4] Defendant is also subject to three years community control for his state sentence once he is released from federal prison.[5]

---

[1] Doc. 1468.
[2] Doc. 1470.
[3] *Id.* at 2.
[4] *Id.* at 3.
[5] Doc. 1468 at 4.

Defendant filed a motion for compassionate release on February 10, 2021.[6]

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's sentence upon the defendant's motion once they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[7]

On January 12, 2021, Defendant Singfield sought compassionate release from the assistant warden of his facility, Northeast Ohio Correctional Center.[8] On January 14, 2021, Defendant received a response that said, "You have to file your request for compassionate release through the courts. I have no input into the decision involving your release."[9]

The Government does not contest that Defendant has met his exhaustion requirement and can seek compassionate release from the Court.[10]

Defendant has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

### B. Eligibility

To grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[11] (2) "ensure that such a reduction is

---

[6] *Id.*

[7] 18 U.S.C. § 3582(c)(1)(A); *see also* *United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).

[8] Doc. 1468 at 1.

[9] *Id.*; Doc. 1468-1.

[10] Doc. 1470 at 12.

[11] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[12]

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[13] The court "may skip step two" in cases, such as this one, where an inmate files a motion on his own behalf.[14]

Under the compassionate release statute, the Court may "reduce the term of imprisonment . . . and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[15]

Defendant Singfield argues that his medical conditions put him at higher risk for serious illness if he contracts COVID-19. Singfield suffers from hypertension and asthma. His medical records also indicate that he is obese.[16] According to the CDC, these are conditions that can increase a person's risk of severe illness from COVID-19.[17]

There are currently no positive inmate COVID-19 tests, but two positive staff tests, reported at Northeast Ohio Correctional Center for April 2021, where Defendant is

---

[12] *Id.* at 518 (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted). The 18 U.S.C. § 3553(a) factors include: "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," among other factors. 18 U.S.C. § 3553(a).

[13] *See Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[14] *Jones*, 980 F.3d at 1111.

[15] 18 U.S.C. § 3582(c)(1)(A).

[16] Doc. 1469-1 at 2.

[17] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

incarcerated on the facility's "federal side."[18] The Ohio Department of Rehabilitation and Correction's data report notes that these numbers represent "the number of tests for the ***current month to date***" and do not "represent the current number of COVID positive patients."[19]

Defendant Singfield says that it is not possible for inmates in his facility to take precautions or properly quarantine if they have been exposed to COVID-19.[20] Defendant's medical conditions and the ongoing presence of COVID-19 at Northeast Ohio Correctional Center are extraordinary and compelling reasons that warrant compassionate release.

The Government contends that it is not clear whether Singfield currently uses an inhaler to treat his asthma and that he has refused to use one in the past. The Government further highlights that Defendant's weight has fluctuated greatly while in prison. The Government concludes, "Defendant has not and cannot present extraordinary and compelling reasons for his release as he has failed to utilize the services and tools available to him to assist his health."[21] But, the Government's arguments do not diminish the fact that Defendant Singfield has conditions that put him at greater risk for severe illness if he were to contract COVID-19.

Further, the 18 U.S.C. § 3553(a) factors favor granting compassionate release in this instance.

Defendant Singfield has been incarcerated for approximately twelve years and asserts

[18] Doc. 1468 at 1; Ohio Department of Rehabilitation & Correction, *COVID-19 Current Month Inmate Testing – UPDATED: 04/2/2021*, https://coronavirus.ohio.gov/static/reports/DRCCOVID-19Information.pdf.

[19] Ohio Department of Rehabilitation & Correction, *COVID-19 Current Month Inmate Testing – UPDATED: 04/2/2021*, https://coronavirus.ohio.gov/static/reports/DRCCOVID-19Information.pdf, (emphasis in original).

[20] Doc. 1468 at 2.

[21] Doc. 1470 at 14.

that he has been "transformed" by his time in prison.[22] Singfield says he has matured from the young man this Court originally sentenced.[23]

Defendant further states that he would live with his mother upon release.[24] Although he does not provide detail, Defendant says that his mother is unwell, and he could care for her. He also says that "there is employment available to him" if his mother does not require fulltime care.[25]

The Government highlights Defendant's criminal history as the primary argument against his release.[26] It is true that Defendant violated the terms of his supervised release twice and committed an armed robbery during his second release.[27] But Defendant has been in prison for more than a decade for these crimes. He is set to be released within the year and will still serve three years of Ohio community control. Defendant has completed most of his sentence and attests that he has grown and changed in prison. Courts have granted compassionate release in similar situations.[28] The Court is not persuaded by the Government's argument that the 18 U.S.C. § 3553(a) factors weigh against release.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Singfield's request for compassionate

---

[22] Doc. 1468 at 2.
[23] *Id.* at 4.
[24] *Id.*
[25] *Id.*
[26] Doc. 1470 at 15.
[27] *Id.*
[28] *See U.S. v. Allsbrook*, No. 1:17-cr-74-4, 2020 WL 7202577, at *1 (S.D. Ohio Dec. 7, 2021) (granting release where Defendant suffered from sleep apnea and asthma and was in the final 6 months of a 21-month drug-related sentence); *U.S. v. Nazzal*, 466 F. Supp. 3d 753 (E.D. Mich. 2020) (granting release where Defendant had a history of heart disease, severe asthma, benign prostate cancer, high blood pressure, Type 2 diabetes, and had served 69% of his sentence); *U.S. v. Readus*, No. 16-20827-1, 2020 WL 2572280, at *1 (E.D. Mich. May 21, 2020) (granting release where 33-year-old inmate was obese and suffered from sleep apnea, hypertension, and prediabetes).

release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court reduces Singfield's sentence to time served.

The Court further orders the Bureau of Prisons to take measures, including a 14-day pre-release quarantine, to ensure that Singfield is COVID-19-free prior to his release.

IT IS SO ORDERED.

Dated: April 5, 2021

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE